ANNETTE L. HURST (STATE BAR NO. 148738)
ahurst@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759

MARK P. WINE (STATE BAR NO. 189897)
mwine@orrick.com
KHAI LEQUANG (STATE BAR NO. 202922)
klequang@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, California  92614-8255
Telephone:   +1-949-567-6700
Facsimile:   +1-949-567-6710

Attorneys for Defendant
PayPal Holdings, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Wimo Labs, LLC,<br><br>                     Plaintiff,<br><br>      v.<br><br>eBay, Inc., a Delaware Corporation; PayPal Holdings, Inc., a Delaware Corporation; Hoonie S. Kang, an individual; D.I.R. Enterprises, Inc., a California Corporation; Simon Chen, an individual,<br><br>                     Defendants. | Case No. 8:15-cv-01330-JLS (KESx)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT PAYPAL HOLDINGS, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Josephine L. Staton<br><br>Hearing Date:   January 29, 2016<br>Time:           2:30 p.m.<br>Place:          Courtroom 10A<br>Complaint:      August 20, 2015 |

Pursuant to Federal Rule of Evidence 201, Defendant PayPal Holdings, Inc. ("PayPal") respectfully requests that the Court take judicial notice of the following document necessarily relied upon on by, but not physically attached to, Plaintiff Wimo Labs, LLC's ("Wimo") First Amended Complaint ("FAC"), the authenticity of which is beyond dispute. PayPal offers the document in support of its Motion to Dismiss filed concurrently herewith.

- The Settlement Agreement by and between PayPal, Inc. and the U.S. Department of the Treasury's Office of Foreign Assets Control dated as of March 27, 2015 (the "Settlement Agreement"), which is referred to in paragraph of 177 of the FAC, hyperlinked at endnote lvii of the FAC and available at https://www.treasury.gov/resource-center/sanctions/CivPen/Documents/20150325_paypal_settlement.pdf, and attached hereto as **Exhibit A**.

In evaluating PayPal's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may consider any matter presented by the pleadings; only if the defendant relies upon material outside the pleading is the motion converted to one for summary judgment. Fed. R. Civ. P. 12(d); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) ("matter which is properly submitted as part of the complaint may be considered" on a motion to dismiss).

In addition, Rule 10(c) requires that any document attached to a pleading be considered for all purposes. Fed. R. Civ. P. 10(c). By providing a hypertext link to the Settlement Agreement, Plaintiff has created an active reference to the document within the FAC, effectively attaching the Settlement Agreement to the FAC. It should be considered an exhibit thereto.

Moreover, when a plaintiff fails to attach a pertinent document as part of its pleading, the defendant may nonetheless introduce the exhibit as part of a motion attacking the pleading. *Branch v. Tunnell,* 14 F. 3d 449, 454-54 (9th Cir. 1994).

1

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANT
PAYPAL HOLDINGS, INC.'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

Thus, matter referenced in a pleading, even though not attached thereto, may be considered as part of a Rule 12(b)(6) motion if: (1) the complaint refers to the document; (2) the plaintiff's claim necessarily relies upon the document; and (3) no party questions the authenticity of the copy submitted with the Motion. *Daniels-Hall v. National Educ. Ass'n*, 629 F. 3d 992, 998 (9th Cir. 2010).

The Settlement Agreement is referred to and relied upon in the First Amended Complaint. *See* FAC ¶ 177 and endnote lvii.

The Settlement Agreement is necessarily relied upon in Wimo's only claim against PayPal. The FAC alleges that PayPal is part of an enterprise that joined together for the purpose of trafficking in counterfeit goods. One of the few facts supporting PayPal's participation in this alleged enterprise is that PayPal has allegedly failed to take "reasonable" steps it was required to take to prevent product counterfeiting, and that "PayPal has an affirmative obligation to perform the appropriate level of diligence on its merchants that would entail determining whether a merchant is selling counterfeit or other illegal goods." FAC ¶ 177. The only basis for this affirmative obligation (which is otherwise contrary to law as discussed in the Motion to Dismiss) is the Settlement Agreement. *Id.* Without the Settlement Agreement, Wimo has no basis whatsoever for suggesting that PayPal had any obligation. The Settlement Agreement is therefore central to Wimo's claim that PayPal conducted the affairs of an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

Finally, the authenticity of the Settlement Agreement is not in dispute. Wimo specifically relies on it, cites it, and provides a hyperlink to it, and it is readily available on the U.S. Department of Treasury's website.

Accordingly, the Court should take notice of the Settlement Agreement and its contents. Fed. R. Evid. 201(c)(2).

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANT
PAYPAL HOLDINGS, INC.'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

Dated: December 15, 2015

ANNETTE L. HURST
MARK P. WINE
KHAI LEQUANG
Orrick, Herrington & Sutcliffe LLP


By: /s/ Annette L. Hurst
      ANNETTE L. HURST
      Attorneys for Defendant
      PayPal Holdings, Inc.