# EXHIBIT A



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

MUL-762365

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made by and between the U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC) and PayPal, Inc. (PayPal).

### I.    PARTIES

1.      OFAC administers and enforces economic sanctions against targeted foreign countries, regimes, terrorists, international narcotics traffickers, and persons engaged in activities related to the proliferation of weapons of mass destruction, among others. OFAC acts under Presidential national emergency authorities, as well as authority granted by specific legislation, to impose controls on transactions and freeze assets under U.S. jurisdiction.

2.      PayPal is a licensed money services business (MSB) headquartered in San Jose, California and organized under the laws of the United States.

### II.    FACTUAL STATEMENT

3.      For several years up to and including 2013, despite processing a high volume of transactions and maintaining an international presence, PayPal does not appear to have implemented effective compliance procedures and processes to identify, interdict, and prevent transactions in apparent violation of the sanctions programs administered by OFAC. In particular, PayPal failed to employ adequate screening technology and procedures to identify the potential involvement of U.S. sanctions targets in transactions that PayPal processed. As a result of this failure, PayPal did not screen in-process transactions in order to reject or block transactions pursuant to U.S. sanctions program requirements.

4.      Beginning in or around March 2006, PayPal identified a series of OFAC-related issues with its payment systems and began taking steps to strengthen and enhance its OFAC compliance processes and procedures. For several years, up to and including 2011, PayPal did not interdict in-process transactions that included references to OFAC-sanctioned countries or persons. In July 2011, PayPal implemented a "short term fix" that allowed the company to scan live transactions for sanctions-related keywords and evaluate any potential matches while the completed payments were held in a pending status. Over the next two years, PayPal implemented a number of enhancements to its interdiction software, and in April 2013, PayPal implemented a "long term solution" to screen in-process transactions. Using the long term solution, PayPal began screening live transactions against OFAC's List of Specially Designated Nationals and Blocked Persons (the "SDN List") and an expanded version of PayPal's list of sanctions-related keywords. Upon implementation of the long term screening solution, PayPal began screening transactions in real time and began appropriately blocking and rejecting OFAC-prohibited transactions before payment completion. Prior to the implementation of the "long

PayPal, Inc.                                                                                           2
MUL-762365

term solution" PayPal processed hundreds of transactions in apparent violation of multiple U.S. economic sanctions programs.

     5.     Separately, between October 20, 2009 and April 1, 2013, PayPal processed 136 transactions totaling $7,091.77 to or from a PayPal account registered to Kursad Zafer Cire, an individual designated by the U.S. State Department on January 12, 2009 pursuant to Executive Order 13382 of June 28, 2005, "Blocking Property of Weapons of Mass Destruction Proliferators and Their Supporters." PayPal explained to OFAC that it failed to identify its customer as a potential Specially Designated National (SDN) at the time of his designation because the MSB's automated interdiction filter was not "working properly." Approximately six months later, PayPal's automated interdiction filter appropriately flagged Cire's account as a potential match to the SDN List. A PayPal Risk Operations Agent mistakenly believed that the system had generated the alert in order to confirm Cire's name and address, however, and the Risk Operations Agent dismissed the alert without requesting or obtaining any additional information. On four separate occasions between September 3, 2009 and November 16, 2009, PayPal's automated interdiction flagged Cire's account for review due to a potential match to the SDN List. On each occasion, however, separate PayPal Risk Operations Agents dismissed the alerts because the previous alerts had been dismissed, which PayPal asserted made these alerts appear as though they were duplicates. PayPal stated that this conduct did not comply with the MSB's internal policies and procedures for handling SDN name matches.

     6.     On February 14, 2013, PayPal's interdiction filter again flagged Cire's account for a potential match to the SDN List, and a PayPal Risk Operations Agent followed the MSB's procedures for handling an SDN name match by creating a "case" for the match, restricting Cire's account, and requesting additional information from the customer. Upon receiving the requested information, which included a copy of Cire's passport showing a date of birth and place of birth that were identical to those of the SDN, PayPal's Risk Operations Agent dismissed the match due to an apparent misunderstanding of why the interdiction filter had flagged Cire's account for review. On April 3, 2013, PayPal's interdiction filter flagged Cire's account for a seventh time, and the MSB appropriately blocked the account and reported it to OFAC.

     7.     Between December 17, 2010 and September 29, 2013, PayPal appears to have violated § 515.201 of the Cuban Assets Control Regulations, 31 C.F.R. part 515 (CACR), by processing 98 transactions totaling $19,344.89 involving Cuban-origin goods, or in which Cuba or a Cuban national had an interest.

     8.     Between September 19, 2009 and August 5, 2013, PayPal appears to have violated § 560.204 of the Iranian Transactions and Sanctions Regulations, 31 C.F.R. part 560 (ITSR), when it exported financial services to Iran by processing 25 transactions totaling $2,109.82 that related to payment for purchases of goods or services destined for Iran.

     9.     Between September 16, 2009 and October 11, 2013, PayPal appears to have violated § 560.206 of the ITSR when it engaged in transactions related to goods of Iranian origin by processing 100 transactions totaling $6,147.84 that related to the sale or purchase of Iranian-origin goods.

PayPal, Inc.                                                                                              3
MUL-762365

      10.     Between May 9, 2010 and August 19, 2013, PayPal appears to have violated
§ 538.205 of the Sudanese Sanctions Regulations, 31 C.F.R. part 538 (SSR), when it exported
services to Sudan by processing 33 transactions totaling $3,314.43 involving Sudan.

      11.     Between November 29, 2009 and May 11, 2013, PayPal appears to have violated
§ 594.201 of the Global Terrorism Sanctions Regulations, 31 C.F.R. part 594 (GTSR), when it
dealt in blocked property by processing 94 transactions totaling $5,925.27 involving Interpal
(designated by OFAC on August 21, 2003) and Kahane Tzadak (designated by the U.S. State
Department on October 12, 1999).

      12.     Between October 20, 2009 and April 1, 2013, PayPal appears to have violated
§ 544.201 of the Weapons of Mass Destruction Proliferators Sanctions Regulations, 31 C.F.R.
part 544 (WMDPSR), when it dealt in blocked property by processing 136 transactions totaling
$7,091.77 to or from an account registered to Kursad Zafer Cire, an individual designated by
OFAC on January 12, 2009.

      13.     The apparent violations described above qualify as voluntarily self-disclosed to
OFAC within the meaning of OFAC's Economic Sanctions Enforcement Guidelines. *See* 31
C.F.R. part 501, app A.

      14.     The apparent violations of the CACR, ITSR, SSR, and GTSR constitute a non-
egregious case.

      15.     The apparent violations of the WMDPSR constitute an egregious case. In
reaching its determination that the apparent violations of the WMDPSR were egregious, OFAC
considered the following facts and circumstances: PayPal demonstrated reckless disregard for
U.S. economic sanctions requirements when its interdiction software failed to identify Cire as a
potential match to the SDN List for approximately six months after Cire's designation and when,
after the software ultimately flagged the accountholder as a potential match to the SDN List,
employees cleared name matches against Cire's account on six separate occasions prior to
appropriately identifying and blocking the account. The conduct was particularly reckless with
respect to those transactions on or after September 3, 2009—the date that a PayPal Risk
Operation Agent dismissed the second alert. Further, PayPal agents engaged in a pattern of
conduct by repeatedly ignoring certain warning signs about potential matches to the SDN List; in
the course of this conduct, PayPal provided economic benefit to Cire and undermined the
integrity of the WMDPSR and its policy objectives; and multiple PayPal Risk Operation Agents
failed to adhere to the MSB's policies and procedures pertaining to SDN match escalation.

      16.     PayPal has taken remedial action by hiring new management within its
Compliance Division, and undertaking various measures to strengthen PayPal's OFAC screening
processes and measures, including steps to implement more effective controls.

      17.     PayPal substantially cooperated with OFAC's investigation, including by
submitting the relevant documents and information in a clear and organized fashion, answering
numerous follow-up inquiries for information over the course of OFAC's investigation, and by
entering into a statute of limitations tolling agreement and an extension to the agreement.

**PayPal, Inc.**                                                                                    **4**
**MUL-762365**

18.    OFAC has not issued a penalty notice or Finding of Violation against PayPal in
the five years preceding the earliest date of the transactions giving rise to the apparent violations.

## III.    TERMS OF SETTLEMENT

IT IS HEREBY AGREED by OFAC and PayPal that:

19.    In consideration of the undertakings of PayPal in paragraph 20 below, OFAC
agrees to release and forever discharge PayPal, without any finding of fault, from any and all
civil liability arising under the legal authorities that OFAC administers in connection with the
apparent violations detailed in this Agreement (the "Apparent Violations").

20.    In consideration of the undertakings of OFAC in paragraph 19 above, PayPal
agrees:

- a.  Within 15 days of the date PayPal receives the unsigned copy of this Agreement
  to:

    - i.  sign, date, and mail the original copy of this Agreement to the Office of
      Foreign Assets Control, U.S. Department of the Treasury,
      Sanctions Compliance and Evaluation, 1500 Pennsylvania Avenue,
      NW, Washington, DC 20220. PayPal should retain a copy of the signed
      Agreement and a receipt or other evidence that shows the date that PayPal
      mailed the signed Agreement to OFAC; and

    - ii.  pay to the U.S. Department of the Treasury the amount of **$7,658,300.**
      PayPal's payment must be made either by an electronic funds transfer in
      accordance with the enclosed "Electronic Funds Transfer (EFT)
      Instructions," or by cashier's or certified check or money order payable to
      the "U.S. Treasury" and referencing **MUL-762365**. PayPal must either:
      (1) indicate payment by electronic funds transfer, by checking the box on
      the signature page of this Agreement; or (2) enclose payment by cashier's
      or certified check or money order together with the signed original
      Agreement to be returned to OFAC at the address in paragraph a(i) above.

- b.  Within six months of the date of this Agreement, to provide OFAC with a
  presentation summarizing PayPal's current policies and procedures as they relate
  to screening transactions and/or customers for the purpose of compliance with the
  regulations administered by OFAC.

- c.  To waive (i) any claim by or on behalf of PayPal, whether asserted or unasserted,
  against OFAC, the U.S. Department of the Treasury, and/or its officials and
  employees arising out of the facts giving rise to the enforcement matter that
  resulted in this Agreement, including but not limited to OFAC's investigation of

PayPal, Inc.                                                                            5
MUL-762365

the apparent violations and (ii) any possible legal objection to this Agreement at
any future date.

## IV.    MISCELLANEOUS PROVISIONS

21.    This Agreement shall not constitute an admission or denial by PayPal of any
allegation made or implied by OFAC in connection with the Apparent Violations.

22.    Except as provided in paragraphs 7-12 above, this Agreement has no bearing on
any past, present, or future OFAC actions, including the imposition of civil monetary penalties,
with respect to any activities by PayPal other than those set forth in the Apparent Violations.

23.    OFAC may, in its sole discretion, issue a public statement about the facts of this
Agreement, on its Web site or otherwise, including the identity of any entity involved, the
settlement amount, and a brief description of the Apparent Violations.

24.    This Agreement consists of six pages and expresses the complete understanding
of OFAC and PayPal regarding resolution of OFAC's enforcement matter involving the
Apparent Violations.  No other agreements, oral or written, exist between OFAC and PayPal
regarding resolution of this matter.

25.    This Agreement shall inure to the benefit of and be binding on each party, as well
as its respective successors or assigns.

26.    All communications regarding this Agreement shall be addressed to:

PayPal, Inc.                          Attn: Sanctions Compliance & Evaluation
2211 N. 1st St.                       Office of Foreign Assets Control
San Jose, CA 95131                    U.S. Department of the Treasury
                                      1500 Pennsylvania Avenue, NW
                                      Washington, DC 20220

THIS SPACE LEFT INTENTIONALLY BLANK

**PayPal, Inc.**
**MUL-762365**

6

    27.    PayPal accepts the terms of this Settlement Agreement this 23 day of
March _____, 2015.

                      _Jamie Boucher_
                      Jamie L. Boucher, Esq
                      Partner, Skadden, Arps, Slate, Meagher & Flom LLP
                      Counsel for PayPal, Inc.

☒    Please check this box if you have not enclosed payment with this Agreement and will
    instead be paying or have paid by electronic funds transfer (see paragraph 2(A)(ii) and
    the Electronic Funds Transfer Instructions enclosed with this Agreement).

**AGREED:**

Date: March 23, 2015    _John Smith_
                      John E. Smith
                      Acting Director
                      Office of Foreign Assets Control