R. Rex Parris, Esq. (SBN 96567)
rrparris@rrexparris.com
Kitty K. Szeto, Esq. (SBN 258136)
kszeto@rrexparris.com
**R. REX PARRIS LAW FIRM**
43364 10th Street West
Lancaster, CA  93534
Telephone: (661) 949-2595
Facsimile:   (661) 949-7524

Deborah A. Klar, Esq. (SBN 124750)
dklar@dklarlaw.com
2934 1/2 Beverly Glen Circle
Bel Air, California 90077
Telephone: (310) 858-9500

Attorneys for Plaintiff
WIMO LABS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wimo Labs, LLC<br><br>Plaintiff,<br><br>v.<br><br>eBay, Inc., a Delaware Corporation; PayPal Holdings, Inc., a Delaware Corporation, Hoonie S. Kang, an individual; D.I.R. Enterprises, Inc., a California Corporation; Simon Chen, an individual; cyber-innovation, an entity of unknown origin; ledno3, an individual or entity of unknown origin; usa-cyberlink, an individual or entity of unknown origin; usacyber, an individual or entity of unknown origin; usgadget-tech, an individual or entity of unknown origin; here-buy, an individual or entity of unknown origin; laptop-cyber, an individual or entity of unknown origin; and bearbear-2010, an individual or entity of unknown origin,<br><br>Defendants. | Case No.: 8:15-cv-01330 JLS (KESx)<br><br>**PLAINTIFF WIMO LABS, LLC'S OPPOSITION TO DEFENDANT EBAY, INC.'S MOTION TO DISMISS PLAINTIFF'S FIFTH CAUSE OF ACTION OF THE FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**<br><br>Date: January 29, 2016<br>Time: 2:30 p.m.<br>Dept.: Courtroom 10A<br><br>[Honorable Josephine L. Staton Magistrate Judge Karen E. Scott] |

## <u>TABLES OF CONTENTS</u>

<u>PAGE</u>

I.    INTRODUCTION ............................................................................1

II.   STATEMENT OF FACTS ............................................................3

III.  ARGUMENT......................................................................................6

     A.    The Allegations In the Complaint That Describe eBay's
             Unlawful  Activities In Connection With the Listing and
             Sale of Fake Lunatik  Products State A RICO Claim Under
             18 U.S.C. § 1962(c)...................................................................6

     B.    The FAC Sufficiently Alleges Conduct Of A RICO Enterprise...................8

     C.    The Complaint Alleges An Associated-In-Fact RICO Enterprise ..............12

           1.    eBay Fails To Apply The Criteria Prescribed by Odom...................12

           2.    Consistent With the Criteria Prescribed in Odom The
                  FAC Alleges An Associated-In-Fact Enterprise................................14

                a)    The FAC Pleads a Common Purpose. ....................................15

                b)    The FAC Pleads an Ongoing Organization. ...........................16

                c)    The FAC Pleads the Enterprise is Continuous. .......................16

     D.    The FAC Alleges RICO Predicate Acts. ...........................................17

           1.    The FAC Alleges eBay Knowingly Trafficked In
                  Fake  Lunatik Products...........................................................17

            2.    The FAC Alleges eBay's Predicate Acts of Wire Fraud ...................19

IV.  CONCLUSION.................................................................................22

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLES OF AUTHORITIES**

**PAGE(S)**

**Cases**

*Aiu Ins. Co. v. Olmecs Med. Supply, Inc.*,
  04 Civ. 2934 (ERK), 2005 WL 3710370 (E.D.N.Y. Feb. 22, 2005) ..............................12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................6

*Baisch v. Gallina*,
  346 F.3d 366 (2d Cir. 2003) ........................................................................................11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................6

*Boyle v. United States*,
  556 U.S. 938 (2009) .................................................................................................9, 16

*Bryant v. Mattel, Inc.*,
  573 F. Supp. 2d 1254 (C.D. Cal. 2007)......................................................................16

*Cedric Kushner Promotions, Ltd. v. King*,
  533 U.S. 158 (2001) ....................................................................................................14

*Decatur Ventures, LLC v. Stapleton Ventures, Inc.*,
  373 F. Supp. 2d 829 (S.D. Ind. 2005) ...........................................................................9

*Erickson v. Pardus*,
  551 U.S. 89 (2007) ........................................................................................................6

*Evercrete Corp. v. H-Cap Ltd.*,
  429 F. Supp. 2d 612 (S.D.N.Y. 2006)...........................................................................6

*First Capital Asset Management, Inc. v. Satinwood, Inc.*,
  385 F.3d 159 (2d Cir. 2004) ........................................................................................11

*Friedman v. 24 Hour Fitness USA, Inc.*,
  580 F. Supp. 2d 985 (C.D. Cal. 2008)........................................................................13

ii

# TABLES OF AUTHORITIES

**PAGE(S)**

**Cases**

*Gutierrez v. Givens*,

   1 F. Supp. 2d 1077 (S.D. Cal. 1998) ............................................................... 8

*Hemi Grp. v. City of New York*,

   559 U.S. 1 (2010) ........................................................................................ 11

*Hollywood Screentest of Am., Inc. v. NBC Universal, Inc.*,

   151 Cal.App.4th 631, 60 Cal.Rptr.3d 279 (2007) ....................................... 19

*In re Insurance Brokerage Antitrust Litig.*,

   618 F.3d 300 (3d Cir. 2010) ........................................................................ 13

*Johnson Elec. N. Am. Inc. v. Mabuchi Motor Am. Corp.*,

   98 F. Supp. 2d 480 (S.D.N.Y. 2000) ............................................................ 6

*Jubelirer v. MasterCard Int'l, Inc.*,

   68 F. Supp. 2d 1049 (W.D. Wis. 1999) ....................................................... 13

*Lewis v. Sporck*,

   612 F.Supp. 1316, 1324 (N.D.Cal.1985) .................................................... 17

*MCM Partners, Inc. v. Andrews–Bartlett & Associates, Inc.*,

   62 F.3d 967 (7th Cir.1995) ............................................................................ 9

*Monterey Bay Military Hous., LLC v. Pinnacle Monterey LLC*,

   2015 WL 4498812 (N.D. Cal. July 23, 2015) ............................................. 14

*Naso v. Park*,

   850 F. Supp. 264 (S.D.N.Y.) ........................................................................ 6

*Newcal Indus., Inc. v. Ikon Office Sol.*,

   513 F.3d 1038 (9th Cir. 2008) ...................................................................... 7

*Odom v. Microsoft Corp.*,

   486 F.3d 541 (9th Cir. 2007) ............................................... 12, 13, 14, 15, 16, 17

# TABLES OF AUTHORITIES

**PAGE(S)**

**Cases**

*Price v. Benjamin*,
  2014 WL 3653440 (E.D.N.Y. July 22, 2014) ................................................................. 13

*Reves v. Ernst & Young*,
  507 U.S. 170 (1993) ..................................................................................................... 8, 12

*Rosenson v. Mordowitz*,
  No. 11 CIV. 6145 JPO, 2012 WL 3631308 (S.D.N.Y. Aug. 23, 2012) ......................... 9

*Rosner v. Bank of China*,
  528 F. Supp. 2d 419 (S.D.N.Y. 2007) ......................................................................... 13

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
  806 F.2d 1393 (9th Cir. 1986) ..................................................................................... 21

*Sebastian Int'l, Inc. v. Russolillo*,
  186 F. Supp. 2d 1055 (C.D. Cal. 2000) ............................................................ 7, 17, 18

*Smith v. Jackson*,
  84 F.3d 1214 (9th Cir. 1996) ......................................................................................... 6

*United States v. Bohonus*,
  628 F.2d 1167 (9th Cir. 1980) ..................................................................................... 21

*United States v. Feldman*,
  853 F.2d 648 (9th Cir.1988) ....................................................................................... 16

*United States v. Giles*,
  213 F.3d 1247 (10th Cir. 2000) ................................................................................... 17

*United States v. Green*,
  745 F.2d 1205 (9th Cir. 1984) ..................................................................................... 21

*United States v. Halbert*,
  640 F.2d 1000 (9th Cir.1981) ..................................................................................... 21

iv

# TABLES OF AUTHORITIES

PAGE(S)

**Cases**

*United States v. O'Malley,*

535 F.2d 589 (10th Cir.), *cert. denied,* 429 U.S. 960,

97 S.Ct. 383, 50 L.Ed.2d 326 (1976) ...........................................................21

*United States v. Oreto*,

37 F.3d 739 (1st Cir. 1994) ..........................................................................8

*Vulcan Golf, LLC v. Google Inc.*,

552 F. Supp. 2d 752 (N.D. Ill. 2008) ........................................................13

*Wecosign, Inc. v. IFG Holdings, Inc.*,

845 F. Supp. 2d 1072 (C.D. Cal. 2012)........................................................7

**Other Authorities**

Combating Counterfeits: Ebay's Global Approach By Dan Dougherty

Landslide Volume 4, Number 2, November/December 2011.

© 2011 by the American Bar Association .......................................................4

**Statutes**

18 U.S.C. § 1343 ................................................................................3, 6, 7

18 U.S.C. § 1961 ............................................................................................7

18 U.S.C. § 2319 ..........................................................................................17

18 U.S.C. § 2320 ............................................................................................7

v

## I.     <u>INTRODUCTION</u>

The motion of Defendant eBay, Inc.  ("eBay") to dismiss the claims asserted against it in the Fifth Cause of Action of the First Amended Complaint ("FAC") pursuant to Rule 12(b) of the Federal Rules of Civil Procedure should be denied because eBay has failed to demonstrate that Plaintiff Wimo Labs, LLC ("Plaintiff" or "Wimo") has failed to plead a claim against eBay for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1962(c)), for which relief cannot be granted.

Contrary to eBay's assertions, the FAC does allege all the elements of a RICO claim against eBay including, but not limited to, (i) the existence of an associated-in-fact enterprise; (ii) eBay's participation in the conduct of the associated-in-fact enterprise; (iii) eBay's predicate acts of tracking in counterfeit goods in furtherance of the fraudulent scheme alleged in the FAC; and (iv) eBay's predicate acts of wire fraud in furtherance the fraudulent scheme alleged in the FAC.

eBay's attempt to immunize itself from RICO liability as an outside service provider cannot be reconciled with the allegations in the FAC that establish that eBay and its joint-venture partner, Defendant PayPal Holdings, Inc. ("PayPal"), are indispensable participants in and vital to the fraudulent scheme to misappropriate Plaintiff's intellectual property through the promotion, sale, and shipment of Fake Lunatik products for profit, by means of false or fraudulent pretenses, representations, or promises."

Watching its major competitor, Alibaba Group Holding Ltd. ("Alibaba") (the Alibaba site is reported to handle five times the volume of eBay), eBay recognized that the company and PayPal could reap tremendous profits from the sale of illegal Fake Products if ebay.com could provide a platform for sellers to cheaply source and distribute those products from overseas. To that end, eBay developed a business strategy that, among other things, (i) launched eBay China; (ii) used non-US eBay account managers to target sellers in foreign markets, where fake products could be cheaply

1

manufactured, to become high volume sellers on ebay.com; and (ii) committed substantial eBay resources to the promotion and development of these sellers' business by, *inter alia*, negotiating highly favorable trilateral agreements between the US Postal Service, eBay China and the Hong Kong Post office to offer China and Hong Kong eBay sellers fast but low cost shipping options.  Having implemented its business strategy, eBay reports that cell phones and accessories, such as cellphone cases, are among the top five "categories in which Asian exporters sell on eBay.

In 2011, eBay's then associate general counsel publicly reported that eBay "has developed, among other proactive anti-counterfeiting initiatives, sophisticated tools that help detect patterns of fraudulent activity, and employs a variety of measures and tools to keep previously suspended users from returning to the site" and that "eBay . . . currently uses thousands of different search rules designed to, among other things, capture listings that contain indicia of counterfeiting apparent on the face of the listings (e.g., 'knock-off,' 'counterfeit,' 'replica,' or 'pirated' merchandise)."  Unless the statement is false, it confirm eBay has (i) knowledge that ebay.com is being used for the unlawful sale of infringing products; (ii) direct control and the ability to monitor and combat unlawful infringing activity on ebay.com, the instrumentality used by ebay.com registered sellers to infringe on Plaintiff's Marks, and (iii) reasonable means available to withdraw its services and the services of PayPal so that ebay.com is not be used by unauthorized sellers, such as the Seller Defendants, to directly infringe on Plaintiff's trademarks.

Notwithstanding, and despite more than 5,000 Notices of Claimed Infringement ("NOCI") Plaintiff has transmitted to eBay since February 2013 in connection with listings on ebay.com of counterfeit cellphone cases that mimic the design of Plaintiff's Lunatik branded cases and on which Plaintiff's registered trademarks appear ("Fake Lunatik Products"), eBay has allowed more than 2,000 sellers to repeatedly list Fake Lunatik Products on ebay.com.  Even worse, eBay continued to *actively* solicit buyers on ebay.com to purchase Fake Lunatik Products using the infringing listings that it claims its "proactive anticounterfeiting initiatives" are designed to detect and prevent.  eBay's

2

acts and omissions as a participant in the associated-in-fact Enterprise described in the FAC, in furtherance of Defendants' fraudulent scheme are properly actionable under RICO. Accordingly, Plaintiff's Fifth Cause of Action against eBay should not be dismissed.

## II.    STATEMENT OF FACTS

As described in the Complaint, utilizing the proprietary global online platforms operated by Defendants eBay and PayPal that enable merchants and consumers around the globe to connect, the Enterprise has engaged in a scheme to sell and profit from the misappropriation of Plaintiff's intellectual property by, among other things, the promotion, advertisement, offer for sale, sale, financing and distribution of obvious Fake Lunatik Products on ebay.com. In furtherance of this scheme, the Enterprise has engaged in multiple counts of trafficking in counterfeit goods and wire fraud. Defendants' misappropriation of Plaintiff's intellectual property through the promotion, sale, and shipment of Fake Lunatik Products for profit, constitutes a "scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises," within the meaning of 18 U.S.C. § 1343. 58 ECF 101:12 – 102:9.

Further, it is alleged Defendants have knowingly transmitted or caused to be transmitted by means of wire communication in interstate and foreign commerce multiple communications for the purpose of executing this scheme, specifically through the operation of interactive websites used to promote and sell Fake Lunatik Products. By means of this scheme, Defendants have (1) obtained money from consumers purchasing Fake Lunatik Products because of their misappropriation of Plaintiff's Marks; and (2) wrongfully obtained the value of Plaintiff's intellectual property through the sale of Fake Lunatik Products. This conduct has directly harmed Plaintiff by, among other things, sowing confusion among consumers seeking authentic Lunatik Products and post-sale confusion among consumers who come in contact with the Fake Products and associate their inferior quality with Plaintiff's Marks. 58 ECF 101:12-102:9.

eBay's predicate acts of wire fraud and trafficking in counterfeit goods in furtherance of Defendants' alleged fraudulent scheme are specifically described in the FAC. *See, e.g.*, 58 ECF 94:12–100:20, 102:10–108:4; *see also* 58 ECF 25:1–26:9, 27:1–29:20, 31:1–32:25, 28:5–23, 33:25–35:12, 36:14–38:12, 39:14–41:17, 42:15–44:12, 45:18–47:16, 48:16–50:19, 51:16–52:16, 53:1–24, 55:1–58:12, 59:16–23, 61:13–63:14, 64:11–22 and 65:16–27.

In addition to the specific allegations in the FAC's Fifth Cause of Action describing the Enterprise, *see* 58 ECF 89:25–93:19 (describing RICO Enterprise) and 108:7–14 (describing pattern of racketeering activity), the FAC further describes eBay's business strategy in connection with its creation of the Enterprise and its indispensable and vital role in Defendants' fraudulent scheme is specifically described in the FAC, s*ee, e.g.*, 58 ECF 71:4–76:24. PayPal, the wholly-owned subsidiary of eBay until 2015, also has a critical role in Defendants' fraudulent scheme, processing online counterfeit sales through ebay.com using its proprietary global technology platform. *See, e.g.*, 58 ECF 66:17–71:3 and 77:1–79:3.

The FAC further alleges (based on publicly available information) that eBay's conduct is knowing and intentional and that eBay exercises substantial discretion as an Enterprise participant. For example, eBay's associate general counsel and global head of intellectual property, went on record claiming that eBay "has developed, among other proactive anti-counterfeiting initiatives, sophisticated tools that help detect patterns of fraudulent activity, and employs a variety of measures and tools to keep previously suspended users from returning to the site" and that "eBay . . . currently uses thousands of different search rules designed to, among other things, capture listings that contain indicia of counterfeiting apparent on the face of the listings (e.g., 'knock-off,' 'counterfeit,' 'replica,' or 'pirated' merchandise)." Combating Counterfeits: Ebay's Global Approach By Dan Dougherty Landslide Volume 4, Number 2, November/December 2011. © 2011 by the American Bar Association. This was five years ago. *Id*.

These statements confirm eBay has (i) knowledge that ebay.com is being used for the unlawful sale of infringing products; (ii) direct control and the ability to monitor and combat unlawful infringing activity on ebay.com, the instrumentality used by ebay.com registered sellers to infringe on Plaintiff's Marks, and (iii) reasonable means available to withdraw its services and the services of PayPal so that ebay.com is not be used by unauthorized sellers, such as the Seller Defendants, to directly infringe on Plaintiff's trademarks.   Notwithstanding, and despite more than 5,000 NOCI it received from Plaintiff, eBay allowed more than 2,000 sellers to repeatedly list Fake Lunatik Products on ebay.com.  Even worse, eBay continued to *actively* solicit buyers on ebay.com to purchase Fake Lunatik Products using the infringing listings which it claims its "proactive anticounterfeiting initiatives" are designed to detect and prevent.  *See* 58 ECF 76:10 – 16.

The interdependence of the members of the Enterprise is clear from the FAC's allegations which recite eBay's SEC filings.  According to eBay, the company "is only successful when the users and merchants we enable are successful." eBay reports that it is ***"primarily a transaction-based business that generates revenue from the transactions and payments that it successfully enables***."  58 ECF 16:27–17:3 (emphasis in original); *see also* 58 ECF 18:4–5 ("eBay's business model and pricing is designed so that its Marketplaces business is successful when its merchants are successful); 58 ECF 18:23–25 ("[t]he success of the eBay and PayPal business models relies on eBay's active promotion and facilitation of the sale of an enormous number of Fake Products through ebay.com").  Recognizing that the sale of Fake Products on ebay.com may significantly contribute to reported profits, eBay's and PayPal's policies and practices (i) promote the unlawful activities of unauthorized sellers by soliciting buyers to purchase Fake Products, and (ii) ignore evidence of the unlawful activities by its unauthorized sellers. 58 ECF 19:2–6.

1

## III.   **ARGUMENT**

2

When ruling on a motion to dismiss, "a judge must accept as true all of the factual

3

allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

4

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  A plaintiff must plead

5

enough "factual content that allows the court to draw the reasonable inference that the

6

defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

7

(2009).  This test does not impose a "heightened" pleading standard.  *Twombly*, at 570.

8

A.   **The Allegations In the Complaint That Describe eBay's Unlawful**

9

**Activities In Connection With the Listing and Sale of Fake Lunatik**

10

**Products State A RICO Claim Under 18 U.S.C. § 1962(c).**

11

The gravamen of the RICO claim asserted in the FAC is that Defendants'

12

misappropriation of Plaintiff's intellectual property—through the promotion, sale, and

13

shipment of Fake Lunatik Products for profit—constitutes a "scheme or artifice to

14

defraud, or for obtaining money or property by means of false or fraudulent pretenses,

15

representations, or promises," within the meaning of 18 U.S.C. § 1343.   The lead

16

argument in eBay's motion to dismiss is that Plaintiff's RICO claim should be dismissed

17

on the ground that courts *routinely* dismiss "RICO claims based on trademark

18

infringement allegations 'where the plaintiffs attempted to plead the claims as mail or

19

wire fraud."  64 ECF at 14:18-15:2 (citations omitted).  But that is not the law.

20

As a preliminary matter, the broad legal proposition on which eBay's argument

21

relies is not reflected in the few cases cited in its motion.  *See, e.g., Smith v. Jackson*, 84

22

F.3d 1214 (9th Cir. 1996) (no claim of trademark infringement alleged); *Johnson Elec.*

23

*N. Am. Inc. v. Mabuchi Motor Am. Corp.*, 98 F. Supp. 2d 480, 491 (S.D.N.Y. 2000)

24

(same); *Evercrete Corp. v. H-Cap Ltd.*, 429 F. Supp. 2d 612, 630–31 (S.D.N.Y. 2006)

25

(rejecting RICO claim where court found that "[a]t its core, this [is] a commercial

26

dispute over rights to the Evercrete mark"); *Naso v. Park*, 850 F. Supp. 264 (S.D.N.Y.)

27

(dismissing RICO claim where patentees failed to state claim for mail fraud and

28

transportation and receipt of stolen goods as predicate acts for their RICO claim); and

6

*Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1081 (C.D. Cal. 2012) (correctly recognizing that predicate acts of wire fraud, 18 U.S.C. § 1343, and trafficking in counterfeit services, 18 U.S.C. § 2320 "are cognizable RICO predicates" (citing 18 U.S.C. § 1961) while trademark infringement and false designation of origin are not.)

Where a complaint adequately pleads the elements of a RICO claim under 18 U.S.C. § 1962(c), it is not subject to dismissal because the complaint also relies on claims asserted under the Lanham Act. *See Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038 (9th Cir. 2008) (explaining plaintiff who stated false advertising claim under the Lanham Act also properly stated a RICO claim); and *Sebastian Int'l, Inc. v. Russolillo*, 186 F. Supp. 2d 1055 (C.D. Cal. 2000) (finding designer and distributor of hair care products properly stated Lanham Act and RICO claims against retailers and distributors arising from alleged distribution of counterfeit products).

Here, as in *Newcal* and *Sebastian*, the FAC describes multiple examples of eBay's wire fraud in support of its misappropriation of Plaintiff's intellectual property through the promotion, sale, and shipment of Fake Lunatik Products for profit pursuant to Defendants' "scheme or artifice to defraud and for obtaining money or property by means of false or fraudulent pretenses, representations, or promises," within the meaning of 18 U.S.C. § 1343. *See, e.g.*, 58 ECF 105:24-108:4.[1]

Contrary to eBay's assertion, the FAC's allegations describing eBay's business strategy to reap tremendous profits from the sale of fake products, furthered by its intentional solicitation of prospective buyers to purchase Fake Lunatik Products by

[1]   eBay's attempt to justify its direct solicitation of buyers using false information on the ground that the law "[s]ome contemporary knowledge of which particular listings are infringing or will infringe in the future is necessary" (*see* 64 ECF 29:12-24) ignores the allegations of the FAC.  Plaintiff and others have communicated with eBay more than 5500 times about claimed infringement.  Further, as alleged, eBay repeatedly has been informed that Lunatik does not sell TAKTIK® brand phone cases in colors other than white and black, and does not make them using aluminum.

7

means of false or fraudulent representations, constitute predicate acts of at least wire fraud cognizable under RICO, and are properly construed to state a claim under RICO. That many of those allegations are also germane to Plaintiff's trademark claims against eBay is not, as a matter of law, grounds for dismissal of the RICO claim. Accordingly, the Court should reject eBay's assertion that Plaintiff's RICO claim should be dismissed because both the RICO and Lanham Act claims rely on the same or similar allegations of eBay's unlawful activities.

**B.     The FAC Sufficiently Alleges Conduct Of A RICO Enterprise.**

Generally relying on cases analyzing whether an outsider—such as a law firm or accounting firm—conducted or participated in the conduct of an enterprise's affairs, eBay seeks to dismiss Plaintiff's RICO claim on the grounds that the Complaint fails to sufficiently allege conduct of a RICO Enterprise. *See* 64 ECF 16:11-21:12.[2] Essentially, eBay asserts that Plaintiff's RICO claim should be dismissed because its allegations only show that eBay was providing services to the RICO enterprise. This assertion cannot be reconciled with the allegations in the FAC.

Based on the FAC's allegations, eBay cannot credibly be characterized as an "outsider" who merely provides services to the Enterprise. Rather, eBay is an integral part of the Enterprise. eBay provides services to Unauthorized Sellers, such as the Seller Defendants, that eBay acknowledges are vital to the achievement of the Enterprise's primary goal and to the success of the Enterprise. As alleged, only eBay and PayPal

---

[2]     eBay relies on *Reves v. Ernst & Young*, 507 U.S. 170 (1993), ignoring the post-*Reves* concept of "outside" as distinct from "inside" involvement in an enterprise expressly recognized by the Ninth Circuit in *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008). As the First Circuit explained in *United States v. Oreto*, 37 F.3d 739, 750 (1st Cir. 1994), "*Reves* is a case about the liability of *outsiders* who may assist in the enterprise's affairs." *See also Gutierrez v. Givens*, 1 F. Supp. 2d 1077, 1086 (S.D. Cal. 1998) (explaining "[t]he *Reves* test is intended to protect outsider, professional service providers who might assist a racketeering enterprise.")

8

have the ability to exercise control over eBay's and any eBay's sellers' misappropriation of Plaintiff's intellectual property for purposes of the promotion of Fake Lunatik Products for profit in connection with the regular and continuous offer and sale of Fake Products on ebay.com.  58 ECF 6:1–11; 91:13–93:2.

In other words, the misappropriation of Plaintiff's intellectual property for purposes of the promotion of Fake Lunatik products for profit is enabled by eBay and PayPal and can only continue to proliferate because of their acts and intentional inaction. Accordingly, the FAC pleads the requisite RICO Enterprise "conduct" allegations under this Circuit's prescribed standard.[3]  *See Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) (finding that a participant who is indispensable and vital to the achievement of the enterprise's goal participates in conduct of RICO enterprise (citing *MCM Partners, Inc. v. Andrews–Bartlett & Associates, Inc.*, 62 F.3d 967, 979 (7th Cir.1995)); *Decatur Ventures, LLC v. Stapleton Ventures, Inc.*, 373 F. Supp. 2d 829, 839 (S.D. Ind. 2005) (Referring to *MCM* and stating that plaintiff had sufficiently stated a claim under § 1962(c)'s conduct requirement with respect to certain members of the alleged association-in-fact enterprise where participants were alleged to be "vital to the achievement of the enterprise's primary goal").

"It is beyond doubt that in certain circumstances the use of an enterprise's resources may be central to the commission of the racketeering activities such that the use could transform a legitimate enterprise into a RICO enterprise for the purposes of the statute."  *Rosenson v. Mordowitz*, No. 11 CIV. 6145 JPO, 2012 WL 3631308, at *7 (S.D.N.Y. Aug. 23, 2012).  Here, that is what the FAC's allegations, fairly construed, establish.

---

[3]  In light of *Boyle*'s broad and undifferentiating holding, commentators recommend that "commercial litigators defending RICO claims" should focus on RICO's conduct element.  *See* 53 No. 2 DRI For Def. 48.  "Under this element, mere association with an enterprise does not make a defendant liable under RICO."  53 No. 2 DRI For Def. 48.

Specifically, the FAC alleges "eBay recognized that the company and PayPal could reap tremendous profits from the sale of Fake Products if ebay.com could provide a platform for sellers to cheaply source those products overseas." The FAC continues, **to that end**, "eBay developed a business strategy that, among other things, (i) launched eBay China; (ii) used non-US eBay account managers to target sellers in foreign markets, where fake products could be cheaply manufactured, to become high volume sellers on ebay.com; and (ii) committed substantial eBay resources to the promotion and development of these sellers' business by negotiating highly favorable trilateral agreements between the US Postal Service, eBay China and the Hong Kong Post office to offer China and Hong Kong eBay sellers fast but low cost shipping options. 58 ECF 21:20 – 27. The FAC then details how and why, consistent with its business strategy, eBay is an indispensable part of the Enterprise engaged in a scheme to sell and profit from the sale of counterfeit goods through ebay.com by, among other things, the promotion, advertisement, offer for sale, sale, financing and distribution of obvious counterfeit Lunatik products. 58 ECF 71:4–72:17.

The FAC also explains that eBay—consistent with its business strategy to reap tremendous profits from the sale of Fake Products—refuses to refrain from trademark infringement and refuses to exercise the control which only eBay and PayPal have over the activities of other Enterprise participants. For example, it is alleged that instead of cooperating or taking effective remedial action against recidivist counterfeiters, (i) eBay and PayPal do not take the reasonable means they have available to withdraw their services to recidivist counterfeiters; and (ii) eBay continues to allow ebay.com and PayPal to be used by thousands of unauthorized sellers to advertise Fake Products that display counterfeit Lunatik trademarks that infringe on Plaintiff's trademarks. 58 ECF 6:17–22. Instead, eBay promotes the unlawful activities of the unauthorized sellers, as described in the FAC, and manufactures the demonstrably false optic that eBay has no knowledge or reason to suspect that other Enterprise participants are engaged in the misappropriation of Plaintiff's intellectual property for purposes of the promotion of

10

Fake Lunatik Products for profit.  58 ECF 70:26–71:3.  This optic is false, as since February 2013, ***Plaintiff has sent eBay more than 5,000 NOCI about the listing on ebay.com of Fake Lunatik products***!

Also, consistent with its business strategy, eBay's published statements about what it is doing to prevent the misappropriation of Plaintiff's intellectual property, are materially false and misleading, as demonstrated by the specific allegations in this case. 58 ECF 72:24–73:5.  As alleged, Lunatik has sent eBay more than ***5,557 NOCIs*** since February 2013, broken down by product and location of product.  Notwithstanding Plaintiff's repeated NOCIs to eBay identifying the same eBay sellers repeatedly engaging in the same unlawful conduct, the FAC alleges that eBay has not proactively removed obvious Fake Lunatik products from eBay.com notwithstanding the infringing products are easily found on ebay.com using ebay's own search engine and notification system.  58 ECF 73:6–17.

A complaint need only allege that a RICO defendant had "discretionary authority" in carrying out instructions from those higher up the chain of command, or "played some part in directing the affairs of the RICO enterprise."  *Baisch v. Gallina*, 346 F.3d 366, 376 (2d Cir. 2003) (abrogated on other grounds); *Hemi Grp. v. City of New York*, 559 U.S. 1 (2010).  "[I]t is no great leap to find that one who assists in the fraud also conducts or participates in the conduct of the affairs of the enterprise."  *First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004).

Courts have found this "low hurdle" is met where enterprise participants knowingly facilitated and encouraged the scheme by providing unique or essential services, including banking or shipping services, issuing or obtaining false certifications, concealing deceptive practices, or entering into profit sharing agreements with other participants.  *See, e.g.*, *Baisch*, 346 F.3d at 376 (holding a defendant insurance broker had "demonstrated his discretionary authority and direction" of a RICO enterprise by "recruiting financing," "obtaining bonds and insurance coverage," "issuing false insurance certificates," and "concealing" the enterprise's deceptive practices).

Contrary to eBay's argument, there is no bright line rule that a service provider cannot also "operate or manage" a RICO enterprise. Rather, the "key question is whether the provision of these services allows the defendant to direct the affairs of the enterprise." *Aiu Ins. Co. v. Olmecs Med. Supply, Inc.*, 04 Civ. 2934 (ERK), 2005 WL 3710370,at *8 (E.D.N.Y. Feb. 22, 2005) (denying physicians' motion to dismiss); *see also Walter v. Drayson*, 538 F.3d at 1248 (holding "[i]t is not enough that [the defendant] failed to stop illegal activity, for *Reves* requires "some degree of direction" (citing *Reves*, 507 U.S. at 179) and explaining the relevant inquiry is whether "the factual allegations raise the inference that [the defendant] tried to control the enterprise by anything akin, for example, to bribery").

The FAC describes eBay's central position of authority, the discretion it exercises in refusing to restrain the misappropriation of Plaintiff's intellectual property through the promotion, sale, and shipment of Fake Lunatik Products for profit on ebay.com (*see, e,g.*, 58 ECF 6:17-7:6), and the essential and unique services eBay knowingly provides that enable and promote the Enterprise's fraudulent scheme. 58 ECF 16:20–17:17. Such services are set forth in detail above. Accepting these facts as true, the allegations demonstrate that eBay plays an indispensable and vital role in the Enterprise and plays a substantial part in directing the Enterprise's affairs. Accordingly, the FAC alleges sufficiently the conduct element of the RICO Enterprise.

### C.    The Complaint Alleges An Associated-In-Fact RICO Enterprise

#### 1.    eBay Fails To Apply The Criteria Prescribed by *Odom*

Acknowledging that the criteria for an associated–in–fact enterprise is prescribed by *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007), eBay asserts that the FAC's RICO claim is deficient "because it fails to allege facts showing any structure or organization between the alleged participants in the enterprise." 64 ECF 23:17–22. Further, eBay asserts Plaintiff's RICO claim should be dismissed because, "while Wimo alleges substantial detail regarding eBay's business operations and the various listings by the Seller Defendants, Wimo fails to connect their actions or otherwise allege facts

12

showing the existence of any organizational structure or consolidated, coordinated decision-making between them." 64 ECF 25:27–26:2. eBay is wrong.

eBay's assertion ignores the clear holding in *Odom,* that there is no requirement that the complaint plead a separate or ascertainable structure. Instead, eBay relies on *Jubelirer v. MasterCard Int'l, Inc.*, 68 F. Supp. 2d 1049 (W.D. Wis. 1999); *In re Insurance Brokerage Antitrust Litig.*, 618 F.3d 300 (3d Cir. 2010); and *Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 784 (N.D. Ill. 2008). eBay's reliance on Third and Seventh Circuit case is misplaced. As *Odom* noted, unlike the Ninth Circuit, these Circuits, require a separate and/or ascertainable structure. *Odom*, 486 F.3d at 549. For this reason, eBay's "no associated in fact enterprise" argument properly should be rejected.

eBay also relies on *Jubelirer* to support its assertion that contractual relationships for ordinary services are insufficient to create an associated in fact RICO enterprise. *See* 64 ECF 22:13–18. Because this argument has been rejected by the Ninth Circuit, eBay's "contractual services" argument should also be rejected. *See Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 993 (C.D. Cal. 2008).

eBay also relies *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 421 (S.D.N.Y. 2007) in support of its "contractual services" argument. Again, eBay's reliance is misplaced. *Rosner* does not discuss the standards prescribed by *Odom*. Instead, *Rosner* has been cited for the proposition that plaintiffs "failed to adequately allege a RICO enterprises because no facts alleged showed how defendants 'improperly functioned as a unit.'" *Price v. Benjamin*, 2014 WL 3653440, at *5 (E.D.N.Y. July 22, 2014) (citing *Rosner v. Bank of China,* 528 F.Supp.2d 419, 429 (S.D.N.Y.2007).

Here, such facts are alleged in the FAC. The facts alleged describing the pre and post spin-off relationship show how PayPal and eBay "improperly functioned as a unit" (*see*, *e.g.*, 58 ECF 78:5-79:13, 82:7-11) sharing a common purpose to profit by the misappropriation of Plaintiff's intellectual profit, a scheme which could not have been successfully accomplished without an express or implied agreement between PayPal and

13

eBay, as the FAC alleges, to refrain from exercising control over the means of any eBay's seller's infringement in connection with the offer and sale of Fake Lunatik Products on ebay.com.  *See, e.g.,* 58 ECF 68:4-70:25.  *See also* 58 ECF 70:26-71:3. (FAC alleges "EBay and PayPal refuse to take such reasonable remedial action and instead promote the unlawful activities of the Unauthorized Sellers, as described more particularly hereinafter, and/or manufacture the false optic that they have no knowledge or reason to suspect that users of its services are infringing on Plaintiff's protected marks.")

Finally, eBay's argument that Plaintiff has failed to properly allege a RICO enterprise, premised upon eBay's characterization of the alleged enterprise as a "hub-and-spoke" or "rimless wheel" enterprise with no structure, too should be rejected.  *See* 64 ECF 24:24-26:6.  "This definitional approach to the enterprise requirement is overly formalistic, as it is well established that the 'breadth of the "enterprise" concept in RICO' encompasses '*any* union or group of individuals associated in fact' for a common purpose of engaging in a course of conduct."  *Monterey Bay Military Hous., LLC v. Pinnacle Monterey LLC*, 2015 WL 4498812, at *24 (N.D. Cal. July 23, 2015) (citations omitted) (order vacated in part on other grounds on reconsideration) 2015 WL 4624678 (N.D. Cal. Aug. 3, 2015).

## 2.      Consistent With the Criteria Prescribed in Odom The FAC Alleges An Associated-In-Fact Enterprise

Based on the standards prescribed in *Odom* and its progeny, Plaintiff's RICO claim should not be dismissed.  RICO "protects the public from those who would unlawfully use an 'enterprise' (whether legitimate or illegitimate) as a 'vehicle' through which 'unlawful . . . activity is committed . . . ."  *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 164 (2001).  "The enterprise and its activity are two separate things."  *Odom*, 486 F.3d at 551.

Under *Odom*, an associated-in-fact enterprise is not required to have a structure beyond that necessary to carry out its racketeering activities.   Such a requirement, the

14

Court found, would necessitate that the enterprise have a structure to serve both illegal racketeering activities as well as legitimate activities.  Further, in *Odom*, the Ninth Circuit held that "to require that an associated-in-fact enterprise have an 'ascertainable structure'—whether that structure serves both legitimate and illegitimate activities, or only illegitimate activities—is also to misread *Turkette.* As the First Circuit stated in *Patrick,* such a requirement improperly narrows the definition of an associated-in-fact enterprise because criminal enterprises "may not observe the niceties of legitimate organizational structures."  248 F.3d at 19. There must, of course, be an associated-in-fact enterprise, as required by the statute and as explained in *Turkette.* But there is no additional requirement that the enterprise have an "ascertainable structure."  *Odom*, 486 F.3d at 551–52.

As required under *Odom*, the FAC describes the structure necessary for Defendants to effect their unlawful misappropriation of Plaintiff's intellectual property through the promotion, sale, and shipment of Fake Lunatik Products for profit.  Under the *Odom* criteria, there is no requirement, as suggested by eBay's argument, that the complaint describe an "ascertainable structure" that connects Defendants' actions or otherwise "allege[s] facts showing the existence of any organizational structure or consolidated, coordinated decision-making between them."  *See* 64 ECF 25:27–26:2.

Consistent with *Odom,* the FAC alleges the three elements essential to plead an association in fact enterprise in the Ninth Circuit: (1) common purpose; (2) ongoing organization; and (3) a continuing unit.  eBay tacitly concedes this; nowhere in its motion does it actually assert the FAC does not satisfy those criteria.  Nevertheless, each is discussed below.

### a)      The FAC Pleads a Common Purpose.

RICO's common purpose element "does not require the enterprise participants to share all of their purposes in common.  *See, e.g., Odom,* 486 F.3d at 552 (finding a single common purpose sufficient). Nor do all members of the enterprise have to be directly

15

working with all other members of that enterprise. *See United States v. Feldman,* 853 F.2d 648 (9th Cir.1988).

The FAC alleges that Defendants and other unauthorized sellers have formed an enterprise in fact whose purpose is to misappropriate Plaintiff's intellectual property through the promotion, sale, and shipment of Fake Lunatik Products for profit. *See, e.g.*, 58 ECF 90:6–13; *see also* 58 ECF 90:23–91:1 (Defendants and other unauthorized sellers have formed an enterprise "for the common purpose of carrying out an ongoing criminal enterprise . . . through a systematized operation to sell and profit from the sale of obvious counterfeit goods including obvious Fake Lunatik Products that infringe on one or more of Plaintiff's Marks.")  These allegations should be construed to adequately plead RICO's common purpose element under *Odom*.

### b)    The FAC Pleads an Ongoing Organization.

Under *Odom*, "[a]n ongoing organization is 'a vehicle for the commission of two or more predicate crimes.' " *Odom,* 486 F.3d at 552.  In *Bryant v. Mattel, Inc.*, 573 F. Supp. 2d 1254, 1263 (C.D. Cal. 2007), plaintiffs alleged "the counter-defendants coordinated their many efforts at depriving Mattel of its proprietary information and its intellectual property."  Specifically, the Court found that "allegations regarding common use of the 'plot04 @aol.com' email address to transfer confidential Mattel information to MGA support the finding of an 'ongoing organization.' " *Id.*  Here, the same result should be reached.  As in *Bryant*, Wimo alleges that Defendants, using the panoply of services provided by eBay and PayPal to unauthorized sellers on ebay.com, coordinated their efforts at depriving Wimo of its intellectual property. *See* 58 ECF 90:6-21.

### c)    The FAC Pleads the Enterprise is Continuous.

Under *Odom*, "[t]he continuity requirement does not, in itself, require that every member be involved in each of the underlying acts of racketeering, or that the predicate acts be interrelated in any way," only that the associates' behavior evinces "ongoing rather than isolated activity." *Id.* at 552–53 (internal quotation marks and citations omitted); *see generally Boyle v. United States,* 556 U.S. 938, 951 (2009).  Here, the

16

---

allegations in the FAC establish that Defendants' fraudulent scheme has been ongoing for a period of years since at least 2013.  That time frame is sufficient to satisfy the RICO continuity element.  *See Odom,* 486 F.3d at 552–53.

### D.    The FAC Alleges RICO Predicate Acts.

eBay seeks to dismiss Plaintiff's RICO claim because Wimo purportedly fails to allege RICO predicate acts sufficiently.  Specifically, eBay asserts the following: (i) Wimo's allegations cannot support the trafficking claim; (ii) Wimo concedes eBay does not traffic in counterfeits; (iii) Wimo cannot allege knowing use of counterfeit marks; and (iv) Wimo cannot allege wire fraud or mail fraud by eBay.  64 ECF 26:12-33:15.  Neither the allegations in the FAC nor the law can be construed to support eBay's predicate acts arguments.  Accordingly, its arguments properly should be rejected.

### 1.    The FAC Alleges eBay Knowingly Trafficked In Fake Lunatik Products.

18 U.S.C. § 2319 provides that one who intentionally traffics or attempts to traffic in goods or services and knowingly uses a counterfeit mark on or in connection with such goods or services, violates Section 2320(a).  "The government must show that the defendant: 1) trafficked or attempted to traffic; 2) did so intentionally; 3) used a counterfeit mark; and 3) knew the mark was counterfeit.  *United States v. Giles,* 213 F.3d 1247, 1249 (10th Cir. 2000).  Because this is not a fraud claim, the lower standard of pleading required under Rule 8 applies."  *Sebastian Int'l, Inc. v. Russolillo*, 186 F. Supp. 2d 1055, 1066 (C.D. Cal. 2000) *citing Lewis v. Sporck,* 612 F.Supp. 1316, 1324 (N.D.Cal.1985).  Contrary to eBay's assertion, Plaintiff has adequately pled that eBay trafficked in Plaintiff's counterfeit trademarks.

Specifically, the FAC alleges that (1) eBay controls ebay.com, (2) Fake Lunatik Products were purchased using ebay.com in response to more than 5,000 listings that included the trademark commonly used by Plaintiff;  (3) eBay actively solicited buyers on ebay.com to purchase Fake Lunatik Products using listings that included the trademark commonly used by Plaintiff; (4) starting in January 2013, Plaintiff sent eBay

17

over 5,000 NOCI informing eBay that more than 2,000 sellers on ebay.com were involved in the sale of Fake Lunatik Products on ebay.com using listings that included the trademark commonly used by Plaintiff; (5) despite more than 5,000 notices, listings offering Fake Lunatik Products bearing Plaintiff's commonly used trademarks continued to appear on ebay.com; and (6) eBay has the ability to exercise control over eBay's and any eBay's seller's misappropriation of Plaintiff's intellectual property for purposes of the promotion of Fake Lunatik Products for profit in connection with the regular and continuous offer and sale of Fake Products on ebay.com.

Taken together, here, as in *Sebastain Int'l*, these allegations properly plead the predicate act of trafficking in counterfeit goods. Accordingly, the Court should find these allegations constitute predicate criminal acts that satisfy the "racketeering activity" element. *See Sebastian Int'l*, 186 F. Supp. 2d at 1066.

eBay's assertion that its conduct was not knowing and intentional cannot be reconciled with the following allegations in the FAC. First, eBay received over 5000 NOCI from Plaintiff regarding the listing and sale of Fake Lunatik products on ebay.com. Second, eBay facilitates the disposition of Fake Lunatik Products through its knowing use of "Marketing Emails" "created by eBay using complex algorithms." Third, the FAC alleges that the use of algorithms helps "eBay expand and grow merchandising and relevance capabilities to further improve the shopping and selling experience for eBay customers." For example, eBay buyers are expected to benefit from algorithms' "predictive ability to generate meaningful, yet often non-obvious, recommendations for items available on eBay based on their specific taste." Fourth, it is alleged that eBay uses these algorithms "on a regular and continuous basis promotes the sale of obvious counterfeit Lunatik Products that infringe on Plaintiff's Marks by Unauthorized Sellers by, among other things, the transmittal of automated emails to eBay buyers who have 'browsed' similar items." 58 ECF 59:24–64:8. Fifth, specific examples of such eBay emails are identified in the FAC. *See* 58 ECF 59:9–60:2. Sixth, eBay has control over the means of infringement on ebay.com including, the promotion,

18

advertisement, offer for sale, sale and distribution of obvious counterfeit Lunatik products on ebay.com."  58 ECF 82:22-84:11.

That eBay emails are "automated" does not immunize eBay from liability under 18 U.S.C. §§ 2319 and 2320, from its knowing and intentional conduct.  eBay controls the algorithms by which its automated merchandising emails are transmitted on a regular and continuous basis to buyers on ebay.com.  Moreover, as alleged, eBay *intentionally elects to refrain from taking action* to prevent the further dissemination of email solicitations for Fake Lunatik products which include Plaintiff's commonly used trademarks, notwithstanding its receipt of more than 5,000 NOCI from Plaintiff that listings for the sale of Fake Lunatik Products have been appearing on ebay.com since 2013.

### 2.    The FAC Alleges eBay's Predicate Acts of Wire Fraud

The fraudulent scheme alleged in this case is Defendants' misappropriation of Plaintiff's intellectual property through the promotion, sale, and shipment of Fake Lunatik Products for profit "by means of false or fraudulent pretenses, representations, or promises."  As alleged, Defendants' scheme involves both the torts of misappropriation and misrepresentation.  The misappropriation involves Defendants' taking another's property for no cost and appropriating it to the detriment of the plaintiff. *See Hollywood Screentest of Am., Inc. v. NBC Universal, Inc.,* 151 Cal.App.4th 631, 650, 60 Cal.Rptr.3d 279 (2007).  The misrepresentation involves listings on ebay.com in which Plaintiff's counterfeit marks are displayed on listings for Fake Lunatik products. As alleged, "[t]he Fake Lunatik Product advertised mimics the design of the authentic [Lunatik Product] and bears an exact copy of Lunatik's federally registered logomark. The listing images are all linked to the eBay listing by the product ID in the URL at the top of the image." *See, e.g.*, 58 ECF 26:3-9.

According to eBay, Plaintiff does not prove the predicate acts of wire fraud because "misappropriation or use of intellectual property, standing alone, is not wire fraud."  64 ECF 30:23-31:2.  Further, eBay asserts that Plaintiff's RICO claim must fails

19

because (i) eBay only provides the venue and not the content for the false eBay customer solicitations; and (ii) Plaintiff cannot "allege facts plausibly showing eBay knew any listing was "false" at the time it was made.  64 ECF 31:5-17.  Hence, eBay concludes that Plaintiff fails to plead (i) eBay's knowing participation in the fraudulent scheme; and (ii) eBay's intent to defraud.  eBay's arguments should be rejected for at least two reasons.  First, eBay's characterization of the FAC's allegations is at odd with the facts alleged within the four corners of the FAC.  Second, eBay's arguments ignore applicable Ninth Circuit standards for pleading wire fraud.

The FAC alleges that Defendants accomplished their misappropriation of Plaintiff's intellectual property by means of eBay's and the Seller Defendants' specific predicate acts of wire fraud.  58 ECF 101:10-108:4.  The date and content of those wire communications are specifically plead in the FAC. *See* 58 ECF 102:10-108:4.  eBay's assertion that the FAC should be dismissed because "misappropriation or use of intellectual property, standing alone, is not wire fraud" (while possibly a correct statement of law) cannot be reconciled with the FAC's specific allegations that identify multiple predicate acts of wire fraud by eBay.  *See* 58 ECF 106:3-108:4.

In its motion, (i) eBay makes no showing that for purposes of properly pleading its RICO claim, Plaintiff must plead that eBay had knowledge that the information in its "predicate act" wire fraud buyer solicitations was false; and (ii) eBay does not dispute that its "predicate act" wire fraud buyer solicitations, transmitted in furtherance of Defendants' fraudulent scheme to misappropriate Plaintiff's intellectual property, contained false information. It cannot.  Both (i) and (ii) are fatal to eBay's assertion that the FAC does not adequately plead predicate acts of wire fraud.

Here, eBay's predicate acts of wire fraud are in furtherance of the scheme.  "A wire fraud violations consists of (1) the formation of a scheme or artifice to defraud (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud. *United States v. Louderman,* 576 F.2d 1383, 1387–88 & n. 3 (9th Cir.), *cert. denied,* 439 U.S. 896, 99 S.Ct. 257, 58

20

---

L.Ed.2d 243 (1978); *United States v. Bohonus,* 628 F.2d 1167, 1171 (9th Cir. 1980). The requirement of specific intent under these statutes is satisfied by "the existence of a scheme which was 'reasonably calculated to deceive persons of ordinary prudence and comprehension,' and this intention is shown by examining the scheme itself." *United States v. Green,* 745 F.2d 1205, 1207 (9th Cir. 1984) at 1207 (quoting *Bohonus,* 628 F.2d at 1172). In a charge involving mail or wire fraud, it is not necessary to show that the scheme was successful or that the intended victim suffered a loss or that the defendants secured a gain. *Louderman,* 576 F.2d at 1387 (quoting *United States v. O'Malley,* 535 F.2d 589, 592 (10th Cir.), *cert. denied,* 429 U.S. 960, 97 S.Ct. 383, 50 L.Ed.2d 326 (1976)). This is consistent with the purpose of the statutes, which is to proscribe the use of the mails or wires in any situation where it is closely entwined with fraudulent activity. *See United States v. United States v. Halbert,* 640 F.2d 1000, 1009 (9th Cir.1981)." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986).

Based on the foregoing, it is evident that the FAC's allegations adequately pleads a wire fraud violation. The fraudulent scheme to misappropriate Plaintiff's intellectual property is alleged. eBay's use of the wires in furtherance of the scheme is alleged. *See* 58 ECF 106:3-108:4. Finally, eBay's specific intent to misappropriate Plaintiff's intellectual property is sufficiently alleged.

Here, the existence of the scheme that was reasonably calculated to deceive persons of ordinary prudence and comprehension, is evident from the FAC's allegations regarding consumer confusion. The manufacture, merchandising and sale of Fake Products using all of the services available on ebay.com is the essence of eBay's alleged *intentional* business strategy. Accordingly, Plaintiff has properly plead the predicate acts of wire fraud to support its RICO claim against eBay.

21

1

## IV.   CONCLUSION

2          For the reasons stated herein, the motion of eBay to dismiss Plaintiff's Fifth Cause

3   of Action should be denied.

4

5   DATED:  January 5, 2016                 **R. REX PARRIS LAW FIRM**

6

7

8                                          By:   _/Deborah A. Klar_____

9                                              R. Rex Parris, Esq.

10                                             Deborah A. Klar, Esq.
                                               Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28