UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 15-1330-JLS (KESx)                           Date: January 28, 2016
Title: Wimo Labs LLC v. eBay Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
         Not Present                                                    Not Present


**PROCEEDINGS:   (IN CHAMBERS) ORDER (1) GRANTING DEFENDANT PAYPAL HOLDINGS, INC.'S MOTION TO DISMISS (Doc. 63) AND (2) GRANTING DEFENDANT EBAY INC.'S MOTION TO DISMISS (Doc. 64)**

     Before the Court are two Motions to Dismiss Plaintiff's Fifth Cause of Action of the First Amended Complaint filed by Defendants PayPal Holdings, Inc. and eBay, Inc. (PayPal Mot., Doc. 63; eBay Mot., Doc. 64.)  Plaintiff Wimo Labs LLC opposed, and Defendants replied.  (PayPal Opp., Doc. 66; eBay Opp., Doc. 67; PayPal Reply, Doc. 75; eBay Reply, Doc. 76.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearings set for January 29, 2016, at 2:30 p.m., are VACATED.  For the following reasons, the Court GRANTS PayPal and eBay's motions to dismiss.

**I.     BACKGROUND**

     The First Amended Complaint alleges the following facts:
     Plaintiff Wimo Labs, LLC is a company that does business as "Lunatik."  (FAC ¶ 7, Doc. 58.)  Plaintiff designs premium products that enhance a user's mobile and digital life, such as iPhone cases and Apple watch protection systems.  (*Id*. ¶ 20.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1330-JLS (KESx)                                Date: January 28, 2016

Title: Wimo Labs LLC v. eBay Inc. et al.

Plaintiff owns the right, title, and interest to the federally registered trademarks and service marks on its products.  (*Id*. ¶¶ 16-17.)  Defendant eBay, Inc. is the proprietor of www.ebay.com, an internet-based marketplace that allows registered users to purchase or sell goods to one another.  (*Id*. ¶ 36.)  This website is considered the world's largest online marketplace with an estimated 120 million active users worldwide.  (*Id*.)  Defendant PayPal Holdings, Inc. provides transaction services that enable individuals and businesses to securely, easily, and quickly send and receive payments online.  (*Id*. ¶¶ 9, 39.)  Before 2015, PayPal was a wholly-owned subsidiary of eBay.  (*Id*. ¶ 9.)  Today, under a five-year operating agreement between PayPal and eBay, eBay is contractually bound to facilitate the majority of its transactions through PayPal.  (*Id*. ¶ 43.)

      Plaintiff alleges that unauthorized sellers on ebay.com are selling counterfeit Lunatik products that infringe on Plaintiff's trademarks.  (*Id*. ¶ 51.)  Plaintiff also alleges the following: eBay and PayPal recognize they could reap tremendous profits if ebay.com continues to provide a domestic and international platform to cheaply distribute these counterfeit products.  (*Id*. ¶ 52.)  To that end, eBay developed a business strategy that launched eBay China, used non-US eBay account managers to target sellers in foreign markets, and committed substantial eBay resources to the promotion and development of these sellers' business, both domestically and overseas.  (*Id*. ¶ 53.)

      Plaintiff alleges that eBay, PayPal, the Seller Defendants,[1] and over two thousand other unidentified unauthorized sellers constitute an association-in-fact enterprise to use eBay.com and PayPal's proprietary global technology platform to effect the promotion, sale, and distribution of counterfeit Lunatik products in violation of the Lanham Act.  (*Id*. ¶¶ 2, 320.)  Plaintiff asserts that eBay and PayPal have participated in the operation and management of this enterprise by (1) knowingly facilitating the promotion, sale, and distribution of these products, and (2) knowingly directing payment processing for the alleged sales, as well as providing shipping and delivery services for those products purchased through ebay.com.  (*Id*. ¶ 321a.)  Plaintiff alleges that eBay and PayPal have

---

[1] The Seller Defendants are Hoonie S. Kang, D.I.R. Enterprises, Inc., and Simon Chen. (FAC ¶¶ 10-12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-1330-JLS (KESx) | Date: January 28, 2016 |
| Title: Wimo Labs LLC v. eBay Inc. et al. | |

engaged in a pattern of racketeering activity including multiple instances of trafficking in counterfeit goods, 18 U.S.C. § 2320(a)(1), and wire fraud, 18 U.S.C. §§ 1343. (*Id.* ¶ 323.)

On August 20, 2015, Plaintiff filed a Complaint alleging the following claims: (1) trademark infringement, 15 U.S.C. §§ 1114, 1125(a), (2) contributory trademark infringement and counterfeiting under the Lanham Act, (3) trademark dilution, 15 U.S.C. § 1125(c), (4) direct trademark infringement, and (5) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c). (*See* Compl., Doc. 1.) Defendants PayPal, eBay, and D.I.R. Enterprises filed motions to dismiss Plaintiff's fifth cause of action on October 13, 2015. (Docs. 44, 48, 51.) In light of a subsequent stipulation that Plaintiff would file an amended complaint, (Doc. 56), the Court denied the above three motions to dismiss as moot. (Doc. 57.) On November 20, 2015, Plaintiff filed its First Amended Complaint. (*See* FAC.) The FAC asserts the same five claims as the Complaint. (*See* FAC ¶¶ 271-339.)

PayPal and eBay now move to dismiss Plaintiff's fifth claim under the RICO Act.

## II. <u>LEGAL STANDARD</u>

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). And while judicial review is generally limited to the face of a complaint, courts may properly consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Harris v. Amgen, Inc.*, 738 F.3d 1026, 1035 (9th Cir. 2013) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-1330-JLS (KESx)            Date: January 28, 2016

Title: Wimo Labs LLC v. eBay Inc. et al.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

**III. DISCUSSION**

       PayPal and eBay move to dismiss Plaintiff's claim for violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c). To state a RICO claim, "a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Private plaintiffs must also establish that they suffered an injury to business or property. *Steele v. Hosp. Corp. of Am.*, 36 F.3d 69, 70 (9th Cir. 1994) (citing 18 U.S.C. § 1964(c)).

       PayPal and eBay argue that this claim fails because Plaintiff (1) fails to satisfy the "conduct or participate" requirement, (2) fails to satisfy the "enterprise" requirement, (3) fails to adequately plead the predicate acts of trafficking in counterfeit marks and wire fraud, and (4) fails to adequately plead injury. The Court first addresses the "enterprise" requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-1330-JLS (KESx)          Date: January 28, 2016

Title: Wimo Labs LLC v. eBay Inc. et al.

      **1.**      **Enterprise**

"[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). The term "enterprise" is defined in 18 U.S.C. § 1961(4) as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An associated-in-fact enterprise does not require "any particular organizational structure," and it does not require any "structure beyond that necessary to carry out its racketeering activities." *Odom*, 486 F.3d at 551. While an associated-in-fact enterprise must have some decision-making structure, it is simply "a group of persons associated together for a common purpose of engaging in a course of conduct." *Boyle v. United States*, 556 U.S. 938, 946 (2009) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Along with a common purpose, plaintiffs must also provide "evidence of an ongoing organization, formal or informal, and evidence that the various associates function as a continuing unit." *Odom*, 486 F.3d at 552 (internal quotation marks and citation omitted).

     Here, Plaintiff alleges that eBay, PayPal, the Seller Defendants, and other unauthorized sellers constitute an association-in-fact enterprise to use ebay.com and PayPal's proprietary global technology platform to effectuate the promotion, sale, and distribution of obvious counterfeit Lunatik products in violation of the Lanham Act. (FAC ¶ 320.) Plaintiff asserts that Defendants and over two thousand co-conspiring, unidentified unauthorized sellers "have organized their activities into a cohesive group with specific and assigned responsibilities and division of tasks[.]" (*Id.* at ¶ 321.) To this end, Plaintiff alleges that eBay provided "storefronts" on ebay.com and failed to take down sales of the counterfeit goods, PayPal enabled Defendants and unauthorized sellers to connect and process transactions of those goods, and the Seller Defendants and other unidentified sellers actively promoted, advertised, and sold those products. (*Id.* ¶¶ 320-21.) Plaintiff asserts that Defendants "coordinated their efforts at depriving Wimo of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1330-JLS (KESx)                             Date: January 28, 2016
Title:  Wimo Labs LLC v. eBay Inc. et al.

intellectual property" by "using the panoply of services provided by eBay and PayPal to unauthorized sellers on ebay.com[.]"  (eBay Opp. at 16.)  Defendants, on the other hand, argue that Plaintiff fails to allege facts showing either (1) a common purpose or (2) an ongoing organization.  (eBay Mot. at 13-18; PayPal Mot. at 7-8.)  Although the FAC identifies a common purpose, it does not allege any facts demonstrating that the purported enterprise members "cooperated with each other" to form an ongoing organization "in furtherance of that purpose."  *See In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig*., 2012 WL 10731957, at *9 (C.D. Cal. June 29, 2012).

The FAC alleges a direct relationship between PayPal and eBay, but it fails to allege any facts demonstrating a RICO enterprise.  Plaintiff must "set forth sufficient allegations to distinguish ordinary conduct from [unlawful] conduct," but its allegations as to PayPal and eBay are wholly "consistent with ordinary business conduct and an ordinary business purpose."  *In re Jamster Mktg. Litig*., 2009 WL 1456632, at *5 (S.D. Cal. May 22, 2009).  PayPal was formerly a wholly-owned subsidiary of eBay, and it currently benefits from a five-year operating agreement whereby it facilitates a majority of the transactions occurring on ebay.com.  (FAC ¶¶ 9, 43.)  The services that PayPal and eBay provide to unauthorized sellers are the same services they provide to all the 120 million active users of ebay.com.  (*See id*. ¶ 36.)  The allegation that the combination of these services "enabled" certain unauthorized sellers to sell and process payments for counterfeit products is insufficient to adequately plead a RICO enterprise.  "[T]he fact that [eBay and PayPal] provided general professional services [to the Seller Defendants and other unauthorized sellers], services that [they] provide[] to the public at large, does not provide a basis for inferring that [they and the other enterprise members] shared a common unlawful purpose" or combined as an enterprise in furtherance of that purpose.  *See Rosner v. Bank of China*, 528 F. Supp. 2d 419, 428-29 (S.D.N.Y. 2007).  Aside from these sellers' use of eBay and PayPal's services, no other coordination or organization is alleged.  Thus, to the extent the Plaintiff pleads a coordination of effort between PayPal and eBay, Plaintiff fails to allege any facts suggesting that they combined as an enterprise in furtherance of a fraudulent or unlawful purpose.  That certain unauthorized sellers used the otherwise legitimate services of either eBay or PayPal to sell counterfeit products

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-1330-JLS (KESx)            Date: January 28, 2016
Title: Wimo Labs LLC v. eBay Inc. et al.

does not suggest that these purported enterprise members "*work[ed] together* to achieve [a common] purpose[]." *In re Jamster Mktg. Litig.*, 2009 WL 1456632, at *5 (emphasis added) (internal quotation marks and citation omitted).

      Moreover, Plaintiff fails to identify any coordination among the Seller Defendants and the over two thousand other unidentified sellers. Based on the allegations of the FAC, it is likely that these different sellers "were actively competing with each other" on eBay's online marketplace. *See In re Countrywide Fin. Corp.*, 2012 WL 10731957, at *9. "[T]here are no allegations (and it is difficult to see how there could be) that the thousands of [sellers] who benefitted from [eBay and PayPal's services] were associated together in any meaningful sense, or were even aware of one another's existence as participants in a scheme to defraud." *See In re Lupron Mktg. & Sales Practices Litig.*, 295 F. Supp. 2d 148, 173-74 (D. Mass. 2003) (citations omitted). *See also Vulcan Golf, LLC v. Google Inc.*, 2008 WL 2959951, at *5 (N.D. Ill. July 31, 2008) (rejecting an enterprise theory under RICO where, in fact, "there is nothing to suggest that the[se] various members of the alleged [enterprise] had any specific knowledge of the others' existence" such that they could be "organized in any structured manner or joined in purpose."). Thus, the FAC fails to allege that these enterprise members "shared a 'common purpose' and coordinated with each other as required to plead an enterprise.'" *In re Countrywide Fin. Corp.*, 2012 WL 10731957, at *11.

      Plaintiff relies heavily on *Odom* to argue that Defendants' arguments misapply the criteria set forth by the Ninth Circuit as to an associated-in-fact RICO enterprise. (*See, e.g.*, eBay Opp. at 13-14.) Plaintiff correctly observes that under *Odom*, an associated-in-fact enterprise does not require any "structure beyond that necessary to carry out its racketeering activities." *Odom*, 486 F.3d at 551; (*see also* eBay Opp. at 13). However, *Odom* nevertheless requires a plaintiff to adequately allege that purported enterprise members "have associated for 'a common purpose of engaging in a course of conduct.'" *Id.* at 552 (quoting *Turkette*, 452 U.S. at 583). First, to satisfy the "common purpose" requirement, a plaintiff must allege facts demonstrating that enterprise members acted in furtherance of a common, unlawful purpose. *Id.* Second, to satisfy the "ongoing organization" requirement, a plaintiff must allege facts that enterprise members "*formed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-1330-JLS (KESx)                                    Date: January 28, 2016
Title: Wimo Labs LLC v. eBay Inc. et al.

*a vehicle* for the commission of at least two predicate acts of fraud." *Id*. (emphasis added). Inherent in this requirement is that enterprise members coordinated together such that they created an "'ongoing organization,' either 'formal or informal.'" *Id*. These requirements are consistent with *Boyle*, in which the Supreme Court acknowledged that allegations asserting that purported enterprise members acted "independently and without coordination" are insufficient to adequately plead a RICO enterprise. *Boyle*, 556 U.S. at 947 n.4. Following *Odom*, district courts in this circuit have held that "[t]he hallmark of an enterprise is an association of entities, groups or individuals that 'must share a common purpose to engage in a particular fraudulent course of conduct and *work together* to achieve such purposes.'" *See, e.g.*, *In re Jamster Mktg. Litig*., 2009 WL 1456632, at *5 (quoting *First Capital Asset Mgmt., Inc. v. Satinwood, Inc*., 385 F.3d 159, 174 (2d Cir. 2004) and citing *Odom*, 486 F.3d at 552) (emphasis added). Upon reviewing the FAC, the Court finds that it "contains no facts indicating that the various [enterprise] entities . . . coordinated their behavior or combined as an enterprise" in furtherance of a common, fraudulent purpose. *In re Countrywide Fin. Corp*., 2012 WL 10731957, at *9. Plaintiff therefore fails to state a RICO claim under § 1962(c). Accordingly, PayPal and eBay's motions to dismiss are GRANTED.

      In reviewing the previous motions to dismiss filed in this action, the Court observes that the above pleading deficiency was first brought to Plaintiff's attention before it had an opportunity to amend the complaint. (*See* eBay Oct. 13 Mot. at 13-17, Doc. 44; PayPal Oct. 13 Mot. at 6-11, Doc. 48). Substantively, these prior motions raised nearly identical arguments as those currently before the Court. Having had the benefit of reviewing these prior motions and having had the opportunity to amend its complaint, Plaintiff still fails to allege facts sufficient to support its RICO claim. In its Oppositions, Plaintiff points to no additional facts it might allege to cure these deficiencies. The Court therefore finds that further amendment would be futile as to this claim. "The district court's discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint." *Arya v. Calpers*, 943 F. Supp. 2d 1062, 1072 (E.D. Cal. 2013) (quoting *Metzler Inv. GMBH v. Corinthian Colls., Inc*., 540 F.3d 1049, 1072 (9th Cir. 2008)). Accordingly, Plaintiff's fifth claim for violations of RICO is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-1330-JLS (KESx)          Date: January 28, 2016

Title:  Wimo Labs LLC v. eBay Inc. et al.

DISMISSED WITH PREJUDICE.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).  Because the Court grants dismissal with prejudice, it need not address Defendants' other arguments for dismissal.[2]

**IV.    CONCLUSION**

      For the foregoing reasons, PayPal and eBay's Motions to Dismiss are GRANTED as to Plaintiff's RICO claim, which is DISMISSED WITH PREJUDICE.

                                                  Initials of Preparer:  tg

---

[2] PayPal also requests that the Court take judicial notice of a settlement agreement by and between PayPal and the U.S. Department of Treasury's Office of Foreign Assets Control.  (RJN, Doc. 63-1.)  Because the Court need not rely on any identified documents for the purposes of this Order, it does not address PayPal's request for judicial notice.