UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 15-01330-JLS-KESx | Date | November 1, 2016 |
| Title | Wimo Labs, LLC v. eBay Inc., et al. | | |

Present: The Honorable  Karen E. Scott, United States Magistrate Judge

| Jazmin Dorado | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**   (In Chambers) Order granting in part and denying in part Defendant eBay's motion to compel response to subpoena to EZ Software Corp., and cancelling hearing on motion (Dkt. 130,

On July 12, 2016, eBay served a subpoena containing 17 requests for production ("RFPs") on non-party EZ Software Corp ("EZ"). (Dkt. 131-1 at 11.) EZ responded by serving 7 general objections. (Dkt. 131-1 at 24.) The parties subsequently met and conferred, but they were unable to agree on the scope of relevant documents or potential cost-shifting. eBay filed the instant motion on October 19, 2016.

   I.  FORMAT

The subpoena instructs EZ to produce electronically stored information ("ESI") as TIFFs or PDFs. (Dkt. 131-1 at 16, ¶ 4.) EZ asserts that it would be easier to produce emails as native Microsoft Outlook .msg files. (Dkt. 130 at 26.)

EZ may produce ESI in native file format.

   II. PRIVILEGE

Non-parties responding to subpoenas generally have a duty to identify responsive documents withheld on the basis of privilege by preparing a privilege log. FRCP 45(e)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-01330-JLS-KESx | Date | November 1, 2016 |
| Title | Wimo Labs, LLC v. eBay Inc., et al. | | |

EZ does business under the name The Counterfeit Report ("TCR"), a website that provides consumer information concerning online sales of counterfeit goods. TCR has been adverse to eBay in at least two recent arbitrations over counterfeit goods purchased by TCR on eBay.com. There is no serious dispute that communications between TCR or its principal, Craig Crosby, and the outside law firms that represented TCR in those arbitrations are privileged attorney-client communications.

On the other hand, this Court has received conflicting information over time concerning the nature of the relationship between TCR and counsel for Plaintiff Wimo Labs, LLC ("Wimo"). TCR has sometimes been described as a consultant for Wimo's counsel, and sometimes as a prospective client.

To the extent EZ withholds responsive documents from its production based on privilege, including communications between TCR and counsel for Wimo, it must identify each in a privilege log. EZ need not, however, log communications with the outside law firms that represented TCR in its arbitrations against eBay.

   III.   SCOPE: RELEVANCE AND BURDEN

**RFPs 1-4:**
   These seek records that would show the relationship (financial, referral, consulting, or otherwise) between EZ and various participants in this lawsuit, such as Wimo, Wimo's lawyers, and persons retained by Wimo to police counterfeiting.

   The Complaint contains information obtained from TCR's website. The credibility of that information is potentially informed by TCR's relationship with Wimo or Wimo's agents. The documents sought, therefore, are relevant and must be produced (or identified in EZ's privilege log).

**RFP 5, 8, 15-17:**
   These seek, in summary, documents and communications (1) referring to the use or alleged misuse of the Wimo trademark "Lunatik"; (2) related to the offering, promotion, marketing or sale of Lunatik products; and (3) related to Wimo, Wimo affiliates, any person acting as an agent on behalf of Wimo, and related to the Wimo action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-01330-JLS-KESx | Date | November 1, 2016 |
| Title | Wimo Labs, LLC v. eBay Inc., et al. | | |

To reduce the burden on non-parties, discovery that can be obtained from parties should be directed to parties. See Amini Innovation Corp. v. McFerran Home Furnishings, Inc., 300 F.R.D. 406, 410 (C.D. Cal. 2014). EZ need not produce communications sent to or from eBay (which eBay should have) or sent to or from Wimo (which Wimo should have). EZ shall otherwise produce responsive documents.

**RFPs 6-7, 12-14:**
These seek records showing how TCR identified and investigated counterfeit Lunatik goods and eBay auctions for counterfeit goods. EZ objects that these processes are "trade secrets" that should not be revealed to eBay in order to prevent eBay from circumventing them.

Again, many of the factual allegations in the Complaint are based on information from TCR's website which presumably was the product of TCR's investigative efforts. Records concerning how TCR investigates are relevant to determining the reliability of those allegations, and EZ's concerns regarding trade secrets can be adequately addressed by the appropriate designations under the protective order. (Dkt. 79.) EZ need not produce documents or communications sent to or from eBay (which eBay should have) but shall otherwise produce responsive documents.

**RFP 9, 11:**
These seek all documents and communications related to any requests EZ made to eBay for information regarding any of the Defendants or unauthorized sellers, as well as all documents related to purchases EZ made through ebay.com of Wimo goods and counterfeit Wimo goods.

EZ need not produce documents or communications sent to or from eBay (which eBay should have) but shall otherwise produce responsive documents.

**RFP 10:**
This seeks all goods bearing or marketed under Wimo's marks, fake Lunatik products, or counterfeits of Wimo products that EZ purchased through ebay.com.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-01330-JLS-KESx | Date | November 1, 2016 |
| Title | Wimo Labs, LLC v. eBay Inc., et al. | | |

In lieu of producing the actual goods, EZ shall provide a list of responsive items and identify their current status (e.g., discarded, returned for a refund, given to X, etc.)   Upon reviewing the list, counsel shall "meet and confer" over the production of an appropriate sampling of exemplars based on the reasonable, relevant testing or inspection proposed by eBay.

### IV.   COST SHIFTING

A non-party subject to a subpoena is entitled to cost-shifting when compliance will result in "significant expense."   FRCP 45(d)(2)(B)(ii).   "[W]hen discovery is ordered against a non-party, the only question before the court in considering whether to shift costs is whether the subpoena imposes significant expense on the non-party.   If so, the district court must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder 'non-significant.'"   Legal Voice v. Stormans Inc., 738 F.3d 1178, 1184 (9th Cir. 2013).   The significance of the cost depends, in part, on the non-party's resources.   Id. at 1185 (holding $20,000 is "significant" for a non-profit legal advocacy group).

That said, "Rule 45 does not cut a blank check to nonparties — unnecessary or unduly expensive services do not 'result from compliance' and, therefore, do not count as 'expenses.'"   United States v. McGraw-Hill Cos., 302 F.R.D. 532, 536 (C.D. Cal. 2014).

eBay argues that EZ is not entitled to cost-shifting because TCR is not a true "third party" because it recruited Wimo to file this lawsuit.   In support, eBay cites In re First Am. Corp., 184 F.R.D. 234 (S.D.N.Y.1998).   That case held that if a non-party was (1) substantially involved in the underlying transaction and could have anticipated that the failed transaction would reasonably spawn some litigation, or (2) involved in litigation arising out of the same facts, then such non-parties are not "neutral" for the purpose of cost-shifting.   Id. at 242; see also McGraw-Hill Cos., 302 F.R.D. at n.1 (citing In re First Am. Corp.).

In McGraw-Hill Cos., the district court took the following approach:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-01330-JLS-KESx | Date | November 1, 2016 |
| Title | Wimo Labs, LLC v. eBay Inc., et al. | | |

> [A]t this point, the Court can only speculate as to the precise amount. Therefore, after documents have been produced and a meaningful record has been established, the Court will review motions for cost-shifting from the non-parties, if such motions are in fact filed. To perhaps underscore the obvious, it behooves both [the party that propounded the subpoenas] and the non-parties to reach an agreement on their own, bearing in mind the mandate of Rule 45 and <u>Legal Voice</u> and the non-parties' burden to demonstrate that the costs are reasonable and "resulted from compliance" with the Court's order. … The Court expects that each non-party's account of its claimed expenses will be specific and lean.

<u>Id</u>. at 537.

This Court, too, can only speculate at present as to the costs of compliance. The Court has limited the scope of the RFPs and EZ's privilege log obligations, as stated above. These limits will undoubtedly substantially reduce the volume of responsive documents and counsel's consequent estimate of $10,000 in attorney time required to comply.

This Court, therefore, adopts the same approach as in <u>McGraw-Hill Cos</u>. The Court disagrees that EZ should be treated as a party (which would make EZ ineligible for any cost-shifting under Rule 45), but to the extent EZ played a role in initiating the litigation, that weighs against full cost-shifting, because EZ was not powerless to control the initiation of litigation and consequent discovery costs.

   V. DISPOSITION

Accordingly, Defendant eBay's motion to compel response to subpoena to EZ Software Corp. (Dkt. 130, 131) is GRANTED IN PART AND DENIED IN PART. Given the Court's ruling, the motion hearing set for November 8, 2016 at 10:00 A.M. is hereby CANCELLED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-01330-JLS-KESx | Date | November 1, 2016 |
| Title | Wimo Labs, LLC v. eBay Inc., et al. | | |

Within fifteen (15) days of this Order, counsel for eBay and EZ shall meet and confer to discuss the limits imposed by the Court, how EZ will search for responsive documents, and whether the scope of the discovery requests should be modified in any additional ways.   All production (including production of a privilege log) shall be completed within thirty (30) days after that fifteen-day period.   In other words, EZ shall complete all production pursuant to the pending subpoena, as limited herein, within forty-five (45) days of this Order.

After production, but filed no later than seventy-five (75) days after this Order, the Court will entertain motions for (1) sanctions brought by eBay against EZ for any failure to comply with the Court's Order, (2) compelled production by eBay against EZ challenging EZ's privilege designations, and (3) cost-shifting brought by EZ, which must include a careful accounting of all expenses, how they "resulted from compliance," and an explanation as to their reasonableness.   These motions need not be filed in the form of a joint stipulation, but they must be thoroughly discussed by counsel at least five (5) days prior to filing them.

                                              Initials of Deputy Clerk   __JD__