DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone:   (415) 984-8700
Facsimile:    (415) 984-8701

JAMES A. BOWMAN (S.B. #220227)
jbowman@omm.com
JUSTINE M. DANIELS (S.B. #241180)
jdaniels@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

R. BRUCE RICH (*pro hac vice*)
bruce.rich@weil.com
RANDI W. SINGER (*pro hac vice*)
randi.singer@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

Attorneys for Defendant
eBay Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WIMO LABS, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>EBAY, INC., *et al.*,<br><br>            Defendants. | Case No. 8-15-cv-01330-JLS (KES)<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT EBAY INC.'S MOTION TO RECOVER ATTORNEYS' FEES AND COSTS**<br><br>**[DECLARATIONS OF JUSTINE M. DANIELS AND RANDI W. SINGER]**<br><br>Judge:                  Hon. Karen E. Scott<br>Courtroom:           6D<br>Discovery Cutoff:  January 17, 2017<br>Trial Date:            August 29, 2017 |

## I. INTRODUCTION & ARGUMENT

Wimo has failed to comply with its discovery obligations and the Court's November 17 order. *See* Dkt. 141. Pursuant to that order, eBay accordingly submits this explanation of Wimo's lack of compliance and evidence of eBay's costs and fees.

Wimo failed to comply with the Court's order in three material respects. **First**, Wimo failed to produce by November 30 unredacted versions of all documents responsive to Requests Nos. 46 and 47—communications with and documents related to The Counterfeit Report ("TCR")—that Wimo previously redacted for relevance. *See* Dkt. 141 at 4. To date, Wimo has produced none of these documents. Declaration of Justine M. Daniels ("Daniels Decl.") ¶ 12.

**Second,** Wimo failed to produce by November 30 a privilege log "compl[iant] with the Court's 9/15 Order" for all documents responsive to Requests Nos. 46 and 47 "withheld or redacted on the basis of the attorney-client privilege." *See* Dkt. 141 at 4. In turn, the Court's September 15 order required Wimo to support its privilege claims by identifying, among other things, "the client or prospective client(s) involved," "any other persons who [we]re party to the communication and their role," and "whether the communication occurred in the course of an actual or prospective representation." Dkt. 116 at 22. Wimo's latest log does not include this required information. Daniels Decl. ¶ 13.

Moreover, the limited content of the log demonstrates that Wimo has improperly withheld numerous documents. For example:

- Most of the log entries identify Wimo or a unidentified third party as the potential client, yet the log lists no representative of Wimo or such third party.
- Several entries identify documents that Wimo previously purported to withhold solely on the basis of work product but that Wimo now withholds on a (purportedly resurrected) attorney-client privilege

- basis.
- At least three of the documents appear to be copies of articles from TCR's website.
- Several entries list a "basis for privilege" and "status of representation" that are inconsistent and undermine a claim of privilege. *e.g.*, claiming that a prospective privileged relationship with Wimo is the "basis" but that the "status" is a prospective privileged relationship with TCR's Craig Crosby.
- Wimo previously produced several of the documents on the log.

A full summary of the deficiencies of Wimo's privilege log is included in the Daniels Declaration. Daniels Decl. ¶ 14; *see also id.* Ex. D, Annotated Log. Due to these shortcomings, eBay further requests that all documents identified on the log be subject to *in camera* review. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1074–75 (9th Cir. 1992).

**Third,** Wimo failed to provide, no later than November 23, an estimated date by which Wimo would resolve the numerous technical difficulties with its document productions. *See* Dkt. 141 at 2. To date, Wimo has failed to provide any such estimated date. Daniels Decl. ¶ 15.

Accordingly, eBay demands costs and fees in the amount of $107,489.73. *See* Daniels Decl. Ex A; Declaration of Randi W. Singer Ex. A. These costs and fees comprise the time eBay's counsel expended (a) bringing and litigating the August 23, 2016 Joint Stipulation Regarding eBay's Motion to Compel Responses to Interrogatory and Requests for Production [Dkt. 104], which resulted in the Court issuing the September 15 Order [Dkt. 116]; (b) identifying the problems that made Wimo's productions unusable and/or deficient in an effort to resolve those problems and, ultimately, to present them to the Court; (c) communicating with Wimo's counsel to obtain compliance with the Court's orders; and (d) bringing and litigating the November 4, 2016 *Ex Parte* Application for Order Finding Plaintiff

Wimo Labs, LLC in Contempt of the Court's September 15, 2016 Order [Dkt. 139], which resulted in the Court issuing the November 17 Order [Dkt. 141]. In light of the looming close of fact discovery, eBay has noticed and will notice additional depositions shortly. Because Wimo has failed to produce documents subject to the Court's existing discovery orders, eBay further requests that the Court accord eBay the right to re-depose witnesses with respect to such documents that Wimo produces after December 7, 2016.

Dated: December 7, 2016

DAVID R. EBERHART
JAMES A. BOWMAN
JUSTINE DANIELS
O'MELVENY & MYERS LLP

By: */s/ James A. Bowman*
James A. Bowman
Attorneys for Defendant
eBay, Inc.